UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00109-JDL |
| | ) |
| MELSON JACQUES, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On March 3, 2016, Melson Jacques pled guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2021). On July 18, 2017, Jacques was sentenced to a term of imprisonment of 96 months, to be followed by a term of supervised release of three years. Jacques now moves for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2021), based on the alleged health risks he faces in federal custody during the COVID-19 pandemic (ECF Nos. 85, 93). For the reasons that follow, I deny the motion.

**I. LEGAL STANDARD**

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115−391, § 603(b), 132 Stat. 5194, 5239−41 (codified at 18 U.S.C.A. § 3582(c)−(d) (West 2021)), permits a court to consider a motion for compassionate release brought by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a

1

request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Once a court determines that it may consider a defendant's motion, the court may reduce the defendant's sentence if, after considering the factors set forth in 18 U.S.C.A. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).[1]

## II. ANALYSIS

Jacques argues that compassionate release is warranted because the conditions at FCI Schuylkill, where he is currently incarcerated, and his medical condition place him at a high risk of severe illness or death from COVID-19. Before evaluating the merits of Jacques's motion for compassionate release, however, I must address the threshold question of whether Jacques has exhausted his administrative remedies, which is a prerequisite to judicial action.

As noted above, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Courts have referred to this provision as a "hybrid requirement" that defendants "either exhaust or wait thirty days." *See, e.g., United States v. Haney*, 454 F. Supp. 3d 316,

---

[1] Because the policy statement issued by the Sentencing Commission under the compassionate release statute has not been updated since the enactment of the First Step Act, I have previously determined that I should consider the policy statement but need not strictly apply it when deciding whether to grant compassionate release. *See United States v. Calhoun*, No. 2:15-cr-00056-JDL-1, 2020 U.S. Dist. LEXIS 117527, at *3 (D. Me. July 1, 2020); *accord United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020).

321 (S.D.N.Y. 2020). I have previously determined that the hybrid requirement is a non-jurisdictional claim-processing rule. *See Calhoun*, 2020 U.S. Dist. LEXIS 117527, at *5 (citing *United States v. Ramirez*, 459 F. Supp. 3d 333, 342(D. Mass. 2020)). Although courts must enforce the hybrid requirement if the Government properly raises an objection based on a defendant's failure to comply with it, such objections can be waived or forfeited. *Id.* at *5-6 (citing *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019), and *United States v. Reyes-Santiago*, 804 F.3d 453, 458, 478 (1st Cir. 2015)).

In this case, Jacques has failed to make any argument that he has exhausted his administrative remedies or to submit any evidence suggesting that he made an administrative request. Moreover, the Government states that FCI Schuylkill has no record of any request for compassionate release from Jacques, and it objects to Jacques's release on the basis of his failure to comply with the exhaustion requirement. Jacques has not filed a reply brief challenging this assertion by the Government, and has not made any argument that the exhaustion requirement should be waived.[2] Accordingly, based on this record, compassionate release is not warranted at this time.

---

[2] I do not address whether any equitable exceptions may excuse a defendant's failure to comply with the claim-processing rule at issue. *See Fort Bend Cty.*, 139 S. Ct. at 1849 n.5; *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *Ramirez*, 459 F. Supp. 3d at 342 (describing the split of authorities on this issue).

## III.  CONCLUSION

For the reasons explained above, Jacques's motion for compassionate release (ECF No. 85, 93) is **DENIED** without prejudice to Jacques filing a new motion for compassionate release once he has satisfied the exhaustion requirement.

**SO ORDERED.**

Dated:  June 3, 2021

                                                                       **/s/ JON D. LEVY**
                                          **CHIEF U.S. DISTRICT JUDGE**